1 F.3d 1252
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Chris E. MADONTI, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5135.
 United States Court of Appeals, Federal Circuit.
 June 15, 1993.
 
 Before ARCHER, LOURIE, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Chris E. Madonti appeals from the February 11, 1992 decision of the United States Claims Court,[1] No. 90-354C, which granted summary judgment for the United States.[2] The Claims Court sustained the decision of the Army Board for Correction of Military Records (ABCMR or Board) which denied Mr. Madonti's application for correction of his military records. We affirm.
 
 BACKGROUND
 
 2
 Mr. Madonti served on extended active duty in the United States Army from April of 1973 to September of 1987. From 1973 to May of 1984, his Officer Evaluation Reports (OERs) were consistently favorable. However, on May 21, 1984, while serving with the 7th Infantry Division at Fort Ord, California, Mr. (then Captain) Madonti was relieved for cause from his position as a battalion S-3 (operations officer). Subsequently, on July 6, 1984, he received an unfavorable OER based upon the relief-for-cause (the July 6 OER). As a result of the July 6 OER, Mr. Madonti's name was removed from the promotion list for Major. Subsequently, on September 1, 1987, Mr. Madonti was released from active duty after having been twice passed over for promotion to Major.
 
 
 3
 Mr. Madonti has mounted a number of challenges to the July 6 OER. These challenges have been based upon the following contentions: first, that prior to the relief-for-cause, he was not given proper counseling, in violation of paragraph 1-6a of Army Regulation (AR) 623-105; second, that in the rating reflected in the July 6 OER, there was an improper deviation from the rating chain, in violation of paragraph 3-4a of AR 623-105; and third, that the July 6 OER was inaccurate and the result of command influence.
 
 
 4
 First, by a letter dated July 25, 1984, Mr. Madonti requested a Commander's Inquiry into the OER, pursuant to paragraph 5-30 of AR 623-105. Colonel David H. Harris conducted the inquiry, contacting Mr. Madonti, Lieutenant Colonel Harry W. Mohr, and Major Scottie R. Riffle, the senior rater and the rater, respectively, on the July 6 OER, and seven other members of Mr. Madonti's battalion. On August 16, 1984, Col. Harris advised Mr. Madonti by letter that he had found the OER to be "complete and correct as written...."
 
 
 5
 On December 21, 1984, Mr. Madonti filed an appeal of the July 6 OER with headquarters, Department of the Army. In support of his appeal, he presented his own statement and those of eight other officers and one enlisted man from the battalion. One of these, the officer responsible for processing the battalion's OERs, stated that Maj. Riffle had disagreed with the relief and originally had written a milder OER, which Ltc. Mohr had ordered him to rewrite, in order to justify the relief-for-cause. Mr. Madonti's appeal was referred to an Officer Special Review Board (OSRB). In the course of its inquiry, the OSRB reviewed the statements submitted by Mr. Madonti and, in addition, contacted Maj. Riffle, Ltc. Mohr, and Col. Harris. Ltc. Mohr and Maj. Riffle told the OSRB that the July 6 OER was accurate and that they had counseled Mr. Madonti orally about his performance. Col. Harris stated that he agreed with the relief and that Mr. Madonti had been adequately counseled. Col. Harris also stated that he did not believe there had been any collusion between Maj. Riffle and Ltc. Mohr in the preparation of the OER. On January 31, 1985, the OSRB informed Mr. Madonti that it had determined that the evidence did not justify altering or withdrawing the OER.
 
 
 6
 On February 12, 1985, Mr. Madonti wrote the Assistant Division Commander of the 7th Infantry Division at Fort Ord, requesting a formal investigation into Ltc. Mohr's conduct during the period covered by the July 6 OER. In so doing, Mr. Madonti submitted the same statements he had presented to the OSRB. During this investigation, the investigating officer, Colonel David L. Rowlands, received statements from Mr. Madonti and Col. Harris and eleven members of Mr. Madonti's battalion, including Ltc. Mohr and Maj. Riffle. Ltc. Mohr and Maj. Riffle again defended the relief and the OER and stated that, while they had failed to use a written counseling form, they had adequately counseled Mr. Madonti orally. They explained that, to the extent that Maj. Riffle had rewritten his section of the OER after consulting with Ltc. Mohr, he had done so because he felt his original draft failed to properly express his true conclusions. Several of the individuals interviewed supported Ltc. Mohr's and Maj. Riffle's assessment of Mr. Madonti. On April 8, 1985, Col. Rowlands concluded that the results of his investigation did not support Mr. Madonti's allegations of misconduct by Ltc. Mohr and his contention that the OER was inaccurate and was the product of command influence.
 
 
 7
 On June 3, 1985, Mr. Madonti filed an application with the ABCMR. The relief Mr. Madonti sought from the Board included expungement of the July 6 OER from his records and voiding of his non-selection for Major. On October 19, 1988, the ABCMR determined, based upon the reports and exhibits from the previous investigations and additional reports from the OSRB, that Mr. Madonti had "failed ... to provide information that would tend to indicate that the [July 6 OER] was an improper or inaccurate evaluation of his performance during the period of service covered therein." Accordingly, the Board denied Mr. Madonti's request for relief.
 
 
 8
 Unsuccessful in his administrative appeals, Mr. Madonti filed suit in the Claims Court, seeking (i) removal of the July 6 OER and subsequent records of non-promotion from his personnel records and (ii) reinstatement in the Army and promotion to Major. In granting the government's motion for summary judgment, the Claims Court held that the choice of raters for the OER did not violate the regulation and that the Board's credibility determinations on the issues of whether Ltc. Mohr exerted command influence, whether counseling occurred, and whether the OER was accurate were each supported by substantial evidence.
 
 DISCUSSION
 
 9
 Because Mr. Madonti first sought relief from the ABCMR, he is bound by the Board's decision unless he can prove that the decision was "illegal because it was arbitrary, or capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced...." Sanders v. United States, 594 F.2d 804, 811 (Ct.Cl.1979). See Arens v. United States, 969 F.2d 1034, 1037 (Fed.Cir.1992). The Army's failure to follow a regulation is reversible error if there was a substantial violation and there was prejudice to the plaintiff. See Skinner v. United States, 594 F.2d 824, 828 (Ct.Cl.1979). We now address Mr. Madonti's three contentions.
 
 
 10
 As far as counseling is concerned, the regulation provides, in pertinent part, that "[c]ommanders will insure that ... [r]ating officials give timely counseling to subordinates on professionalism and job performance, encouraging self-improvement when needed." AR 623-105, paragraph 1-6a(4). The regulation does not require, however, that counseling be in writing or documented in writing. The ABCMR and the Claims Court accepted the statements in the record from Ltc. Mohr and Maj. Riffle that Mr. Madonti was counseled. We find no error in the Claims Court's ruling on the counseling issue.
 
 
 11
 Turning to Mr. Madonti's second contention, paragraph 3-4a of AR 623-105 states:
 
 
 12
 The rater is the person in the rating chain who--
 
 
 13
 (1) Is most familiar with the day-to-day performance of the rated officer.
 
 
 14
 (2) Most directly guides the rated officer's participation in the organization's mission.
 
 Paragraph 3-5(b) of AR 623-105 states:
 
 15
 The rater will normally be the immediate supervisor of the rated officer. The immediate supervisor is the individual who directs and is most responsible for the rated officer's performance.
 
 
 16
 Mr. Madonti asserts that the use of Maj. Riffle as rater on the July 6 OER violated the regulation because Maj. Riffle was not only not his immediate supervisor but was not even in his chain of command; rather, he was a subordinate of Ltc. Mohr, who had little direct contact with Mr. Madonti.
 
 
 17
 We agree with the Claims Court that the regulation intends some flexibility, but we do not need to reach the issue of whether the Army violated the regulation or whether such violation, if it occurred, was "substantial," because under the facts of this case it is clear that Mr. Madonti was not prejudiced by the rating scheme. Mr. Madonti asserts that Ltc. Mohr should have been the rater and Col. Harris the senior rater. However, Col. Harris's statement is that he agreed with the relief. Thus, had Col. Harris been the senior rater, Mr. Madonti would still have received an adverse, relief-for-cause OER.
 
 
 18
 Finally, the Claims Court did not err in affirming the Board's decision that the July 6 OER was not inaccurate and was not the product of command influence. As noted above, Mr. Madonti pursued a number of administrative appeals before going to the ABCMR. We have carefully reviewed the statements which he submitted in those appeals and the statements which were obtained in the course of the OSRB inquiries and Col. Rowlands' investigation. The Board had all of this material before it. For this reason, we cannot say that the decision of the Board is not supported by substantial evidence or that the Board abused its discretion in not holding an evidentiary hearing. See Armstrong v. United States, 205 Ct.Cl. 754, 764 (1974).
 
 COSTS
 
 19
 Each side shall bear its own costs.
 
 
 
 [1]
 Now the United States Court of Federal Claims, pursuant to section 902(a) of the Federal Courts Administration Act of 1992, Pub.L. No. 102-572, 106 Stat. 4506, 4516 (1992)
 
 
 [2]
 On April 17, 1992, the Claims Court denied Mr. Madonti's motion for reconsideration